IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANGELO LAMONT PENNY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-0682-CVE-FHM |
| ) | |
| ANITA TRAMMELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner did not file a response to the motion. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

### *BACKGROUND*

The record reflects that Petitioner Deangelo Lamont Penny was convicted and sentenced after having been found guilty by a jury at the conclusion of a trial held in Tulsa County District Court, Case No. CF-2007-1674. Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed February 5, 2009, in Case No. F-2008-225, the OCCA affirmed the judgment and sentence of the trial court. See Dkt. # 7, Ex. 1. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

On March 5, 2010, Petitioner filed an application for post-conviction relief in the trial court. See Dkt. # 7, Ex. 2. His request for relief was denied on April 7, 2010. Id. He filed a post-

conviction appeal at the OCCA. By order filed July 23, 2010, in Case No. PC-2010-354, the OCCA affirmed the denial of post-conviction relief. Id.

On October 25, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner executed the declaration under penalty of perjury on October 19, 2010. Id.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

2

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on May 6, 2009, after the OCCA concluded direct review on February 5, 2009, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on May 6, 2009, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 6, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On March 5, 2010, or with 62 days remaining in his one-year limitations period, Petitioner filed an application for post-conviction relief. His post-conviction proceeding remained pending until July 23, 2010, when the OCCA affirmed the denial of post-conviction relief. After the OCCA affirmed the denial of the application for post-conviction relief on July 23, 2010, Petitioner had to file his federal petition for writ of habeas corpus within the 62 days remaining in his one-year period, or on or before September 23, 2010. Petitioner filed his petition on October 25, 2010,[1] or approximately one (1) month after the deadline. Unless Petitioner is entitled to equitable tolling, his federal petition for writ of habeas corpus is time-barred.

Petitioner failed to file a response to Respondent's motion to dismiss. However, in his petition (Dkt. # 1), he states that his petition is timely because upon his transfer from the Lexington Correctional Center to the Davis Correctional Facility, he was placed in the Segregation Housing Unit ("SHU") beginning on or about June 14, 2010. He claims that while in SHU, he was denied

---

[1] Even if the Court applies the prisoner mailbox rule and credits Petitioner with having "filed" his petition on October 19, 2010, the date he executed the declaration under penalty of perjury, his petition remains untimely. See Houston v. Lack, 487 U.S. 266 (1988).

3

access to the facility law library which impeded his efforts to timely file his petition. Id. At some point in time, Petitioner was transferred to Mack Alford Correctional Center ("MACC"). Id. He claims that in early October 2010, he was assigned to a cell in Unit A. Id. At that time, he immediately retrieved his legal papers and visited the facility's law library to prepare his petition. Id. Based on those events, he claims his petition was filed several weeks out-of-time "due to no fault of his own." Id.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling.

4

Gibson, 232 F.3d at 808. The Court recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 1. However, Petitioner's conclusory statement concerning his need for assistance in order to prepare meaningful legal papers is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. Furthermore, Petitioner's references to his placement in SHU and loss of access to legal papers, do not qualify as extraordinary events entitling Petitioner to equitable tolling. Cf. Dill v. Workman, 288 Fed.Appx. 454, 457 (10th Cir. 2008) (unpublished) (stating that a prison lock down does not qualify as extraordinary). Although Petitioner states he was placed in SHU on June 14, 2010, he fails to provide any dates for his release from SHU and his subsequent transfer to MACC. As a result, his generalized allegations do not justify equitable tolling. Miller, 141 F.3d at 978 (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

Nothing in the record suggests that Petitioner pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Therefore, the Court finds Petitioner did not pursue his claim diligently and he is not entitled to equitable tolling. As a result, this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 26th day of April, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT